UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jon Shanahan,                                           Civ. No. 25-3472 (JWB/DTS)

    Plaintiff,

v.                                                                    **ORDER**

Commissioner of the Minnesota
Department of Human Rights, *in her
official capacity*,

    Defendant.

---

Jon Shanahan, pro se Plaintiff.

On October 7, 2025, this matter was dismissed and Plaintiff Jon Shanahan's application to proceed *in forma pauperis* ("IFP") and all pending motions were denied as moot. (*See* Doc. No. 9.) One week later, after judgment was entered and the civil case terminated, Shanahan filed three motions: a motion for permission to file documents via email to the Clerk of Court (Doc. No. 12); a motion to reopen the case (Doc. No. 13); and a motion for leave to amend the complaint (Doc. No. 14). For the reasons stated below, Shanahan's motion to reopen the case and motion for leave to amend the complaint are denied. His motion for permission to file documents via email is also denied.

Shanahan moves to reopen his case pursuant to Fed. R. Civ. P. 59(e). (Doc. No. 13 at 1.) A motion under Rule 59(e) is limited to correcting "manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440

F.3d 930, 933 (8th Cir. 2006). A Rule 59(e) motion is not an appropriate vehicle for new evidence, new legal theories, arguments that could have been raised before entry of judgment, or arguments that have already been made and rejected. *Rivera v. Sedgwick Claims Mgmt. Servs.*, Civ. No. 24-3247, 2025 WL 2680635, at *6 (D. Minn. Sept. 19, 2025). Relief under Rule 59(e) is granted only in "extraordinary" circumstances. *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1987).

Shanahan asserts that reopening this matter is necessary to "[c]orrect manifest injustice," "[a]ddress clear legal error in the dismissal," and "[e]nsure Plaintiff is not denied meaningful access to the courts due to procedural or technical pleading barriers." (Doc. No. 13 at 1–2.) He identifies two purported legal errors in the dismissal order: (1) misapplication of the pleading standards as they apply to pro se plaintiffs and (2) wrongful denial of his "clear federal claims." (Doc. No. 13 at 4.)

Although pro se pleadings are to be construed liberally—as explicitly recognized by the dismissal order (Doc. No. 9 at 3)—they must still "contain sufficient facts to support the claims [they] advance[]." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The objective is to "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Id.* However, pro se litigants do not get a free pass from the rules of procedure or substantive law. *Schooley v. Kennedy*, 712 F.2d 372, 372 (8th Cir. 1983). Thus, a pleading—even one filed by a pro se plaintiff—must include more than conclusory allegations or legal conclusions. *Ingram v. Ark. Dep't of Corr.*, 91 F.4th 924, 927 (8th Cir. 2024).

Even construed liberally, Shanahan's allegations are insufficient to support his claims. His assertions that Defendant violated Title II of the ADA and the Rehabilitation Act are legal conclusions and contain no supporting factual allegations plausibly indicating that Defendant's conduct was motivated by discriminatory animus towards Shanahan's disability.

Shanahan also fails to establish any manifest error of fact or law in the dismissal order. He presents no new arguments beyond those already considered and rejected. Therefore, the motion to reopen is denied.

Denying the motion to reopen renders Shanahan's motion for leave to file an amended complaint moot. Even so, the motion for leave fails because the proposed amendment would not cure the deficiencies identified in the original pleadings. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008).

To protect finality, leave is less freely available after a final order. *See U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 823 (8th Cir. 2009). In such a situation, leave to amend is granted only if it would be consistent with the "stringent standards" of Rule 59(e)[.]" *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014). Amending a complaint is futile if the amended complaint would not survive a motion to dismiss. *LG2, LLC v. Am. Dairy Queen Corp.*, Civ. No. 22-1044 (WMW/JFD), 2023 WL 5950714, at *3 (D. Minn. Sept. 13, 2023)

Shanahan seeks to amend his pleadings to add several factual details and include a Fourteenth Amendment claim. (*See* Doc. No. 14-1.) These additions would not cure the deficiencies that warranted dismissal of his previous pleading. Namely, the proposed

3

amended complaint still does not plausibly allege any exclusion or mistreatment from arising out of Shanahan's disability. Even if taken as true, the additional facts surrounding the confidential internal email mistakenly sent to Shanahan only seem to suggest that any "retaliation" by Defendant was based on Shanahan retaining the erroneous email, and not any protected activity under the ADA. The proposed amended complaint still fails to present sufficient facts to support Shanahan's claims, even under the liberal construction applied to pro se pleadings. *See Stone*, 364 F.3d 914.

Therefore, because amending the pleadings would be futile, the motion for leave to file an amended complaint is denied.

## ORDER

Based on the foregoing, and all of the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1. Plaintiff Jon Shanahan's Motion to Reopen Case (Doc. No. 13) is **DENIED**.

2. Shanahan's Motion for Leave to Amend Complaint (Doc. No. 14) is **DENIED**.

3. Shanahan's Motion for Permission to Submit Communication Through Email with Court Clerk (Doc. No. 12) is **DENIED**. However, to the extent that Shanahan seeks to appeal any orders in this matter, he is granted narrow permission to file documents strictly related to the notice of his appeal via email to the ECF Helpdesk at ecfhelpdesk@mnd.uscourts.gov. Any irrelevant, duplicative, or unnecessary documents

will not be filed or considered. Specific questions regarding Electronic Case Filing (CM/ECF) may also be directed via email to the ECF Helpdesk.

Date: October 21, 2025                             *s/ Jerry W. Blackwell*
                                                              JERRY W. BLACKWELL
                                                              United States District Judge